**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANIE JUNG,** an individual, <br><br> Plaintiff, <br><br> v. <br><br> **VITAL RECOVERY SERVICES, LLC.; and BMW FINANCIAL SERVICES NA, LLC.,** <br><br> Defendants. | **Case No.:** 8:17-CV-00503 <br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> 1.) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;** <br><br> 2.) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, JANIE JUNG, ("Plaintiff") brings this lawsuit to challenge the actions of Defendants, VITAL RECOVERY SERVICES, LLC., ("VITAL"); and BMW FINANCIAL SERVICES NA, LLC., ("BMW") (collectively as "Defendants"), with regard to Defendants' unlawful debt collection practices.

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid such violations.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

8. Unless otherwise stated, all the conduct engaged in by Defendants occurred in the State of California.

## JURISDICTION AND VENUE

9. This action arises out of Defendants' violations of: (i) The Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

10. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

11. The Court has personal jurisdiction over Defendants as Defendants conduct business within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this judicial district.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as (i) Plaintiff resides in the County of Orange, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

///

///

## PARTIES

13. Plaintiff, JANIE JUNG, is a natural person who resides in the City of Irvine, the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing from Plaintiff, and is therefore a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendant, VITAL RECOVERY SERVICES, LLC. ("VITAL"), is a Georgia limited liability company with a principal place of business in Peachtree Corners, Georgia.

15. VITAL, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6). Such debt collection is conducted upon debts or alleged debts that are in default at the time they are acquired and/or assigned to VITAL.

16. Defendant, BMW FINANCIAL SERVICES NA, LLC. ("BMW"), is a Delaware limited liability company with a principal place of business in Woodcliff Lake, New Jersey.

17. BMW, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of such collection activity.

18. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f)

and a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

19. At all times relevant Plaintiff was an individual residing within the State of California.

20. All correspondence from Defendants was sent to Plaintiff at an address located within the State of California.

21. All contractual agreements referenced herein were entered into and executed within the State of California.

22. On or around July 10, 2013, Plaintiff is alleged to have entered into a Motor Vehicle Lease Agreement, Account No. x-9081, with Defendant, BMW (the "Lease").

23. As part of the alleged Lease Plaintiff was limited to 30,000 miles and if Plaintiff drove the vehicle in excess of 30,000 miles she would be charged at a rate of twenty (20) cents per additional mile. The excess mileage, and the benefit resulting from therefrom, could be incurred at any time during the lease but Plaintiff would not be required to pay for the excess mileage until the end of the lease. Thus, Plaintiff was extended credit for the excess mileage the debt resulting therefrom.

24. Plaintiff is alleged to have incurred a debt associated with 438 excess miles which were incurred prior to the end of the lease but Plaintiff was not required to pay for said excess miles until the end of the lease.

25. On or around July 10, 2016, Plaintiff's Lease with BMW ended.

26. On or around July 23, 2016, Plaintiff paid off the entire remaining balance of the alleged Lease by sending a check to BMW in the amount of $688.67 (the "Check").

27. On or around August 15, 2016, BMW hand wrote Plaintiff's Account No. x-9081 on the check, and then cashed the Check.

///

28. On or around August 15, 2016, Plaintiff's account with BMW was "paid-in-full".

29. Despite Plaintiff having paid the Lease in full, the account was placed with VITAL for the purposes of debt collection under the direction and control of BMW.

30. On November 9, 2016, VITAL, on behalf of BMW, sent Plaintiff a collection letter demanding $688.67 on Plaintiff's BMW Lease Account No. x-9081.

31. BMW and VITAL therefore demanded payment on the exact same debt that had been "paid in full" by Plaintiff months prior.

32. Through this conduct, BMW and VITAL, violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

33. VITAL, on behalf of BMW, also placed telephone calls to Plaintiff demanding payment on the debt, which had already been paid in full.

34. Through this conduct, VITAL and BMW, violated: (i) 15 U.S.C. § 1692e by making false, deceptive, and misleading representations in connection with the collection of a debt; (ii) 15 U.S.C. § 1692e(2) by making false representations regarding the character, amount or legal status of a debt; (iii) 15 U.S.C. § 1692e(10) by using false representations or deceptive means to collect or attempt to collect a debt; (iv) 15 U.S.C. § 1692f by using unfair or

unconscionable means to collect or attempt to collect a debt; and (v) 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendants also violated Cal. Civ. Code § 1788.17.

### FIRST CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") 15 U.S.C. § 1692 ET SEQ.
### [AGAINST VITAL]

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

37. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### SECOND CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST ALL DEFENDANTS]

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

///

40. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

41. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00 from each defendant pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants, according to such causes of action stated against each Defendant, as follows:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendants from engaging in the unlawful debt collection stated herein;
- Any and all other relief that this Court deems just and proper.

///

///

Dated: March 21, 2017				Respectfully submitted,

					**SINNETT LAW, APC.**

					By: /s/ Wayne A. Sinnett
					Wayne A. Sinnett, Esq.
					ATTORNEY FOR PLAINTIFF

## TRIAL BY JURY

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: March 21, 2017				Respectfully submitted,

					**SINNETT LAW, APC.**

					By: /s/ Wayne A. Sinnett
					Wayne A. Sinnett, Esq.
					ATTORNEY FOR PLAINTIFF